**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**SIDNEY CORYELL,** *et al.*                                                                                           **PLAINTIFFS**

**VS.**                                             **4:17-CV-00499-BRW**

**AARON L. NICHOLSON**                                                                                              **DEFENDANT**

## ORDER

Pending is Defendants' Motion to Substitute the United States of America as Plaintiff and to Dismiss (Doc. No. 5). Plaintiffs' response was due Monday, September 11, 2017; however, I gave Plaintiffs until Tuesday, September 19, 2017 to respond.[1] On Saturday, September 16, 2017, my office received a fax from Plaintiffs that appears to be a response. Although fax filings are not ordinarily accepted, a <u>one-time</u> exception seems to be the most fair and efficient resolution. Accordingly, the Clerk of the Court is directed to file Plaintiffs' fax as a response to Defendant's Motion; however, Plaintiffs are directed to file future pleadings with the Clerk's Office in the prescribed manner.

Plaintiffs' Complaint, which is not a model of clarity, was filed against Aaron L. Nicholson in the small-claims division of the District Court of Faulkner County, Arkansas – Defendant removed the case to this Court on August 4, 2017. Plaintiffs allege that Mr. Nicholson ran over their dog, for which they seek $5,000 in damages.

Mr. Nicholson asserts that the United States should be substituted as the named defendant because Mr. Nicholson is a mail carrier with the United States Postal Service ("USPS") and he was acting within the scope of his employment on the day he allegedly ran over Plaintiffs' dog. Although Plaintiffs assert that their claims are against Mr. Nicholson as an individual, the

---

[1] Doc. No. 7.

undisputed facts show that Mr. Nichols was acting within the scope of his employment at the time he allegedly hit the dog.

Under 28 U.S.C. § 2675(a), Plaintiffs were required to file an administrative claim with USPS before filing their lawsuit. USPS says it has no record of an administrative claim filed against it by Plaintiffs' – and Plaintiffs do no allege that they filed one. Defendant urges me to dismiss Plaintiffs' Complaint so Plaintiffs can present a claim with USPS consistent with 28 U.S.C. § 2679(d)(5).[2]

Plaintiffs mention that they are not lawyers, and do not understand the law.[3] Further, Plaintiffs note that they did not intend to involve lawyers in this dispute or to have it litigated in federal court. Plaintiffs also mention that they receive their mail sporadically. To the extent that Plaintiffs' Response is a motion to have a lawyer appointed, a motion to remand, or a motion to amend the Complaint, it is DENIED without prejudice.

Because it is uncontested that Plaintiffs have not filed an administrative claim with USPS before filing this lawsuit, Defendant's Motion to Dismiss (Doc. No. 5) is GRANTED. Accordingly, Plaintiff's Complaint is DISMISSED without prejudice – meaning it can be refiled after Plaintiffs have exhausted their administrative remedies with USPS.

IT IS SO ORDERED this 25th day of September, 2017.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g.*, https://www.usa.gov/complaint-against-government#item-35817.

[3] All parties – including those proceeding *pro se* – are expected to be familiar with, and follow, the Federal Rules of Civil Procedure and the Local Rules. *See, e.g.*, Local Rule 5.5(c)(2) (available online at http://www.are.uscourts.gov/sites/ared/files/local_rules/5.5.pdf).